1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   AMAZON.COM, INC., a Delaware          No.
      corporation; AMAZON.COM SERVICES LLC,
11   a Delaware limited liability company; and    **COMPLAINT FOR DAMAGES**
      NINTENDO OF AMERICA INC., a               **AND EQUITABLE RELIEF**
12   Washington corporation,

13                    Plaintiffs,

14            v.

15   Individuals and/or Entities Doing Business as
      Certain Amazon Selling Accounts Identified in
16   SCHEDULES 1A and 1B; and DOES 1-10,

17                    Defendants.

18

19                    **I.      INTRODUCTION**

20          1.      This case involves Defendants' unlawful and expressly prohibited sale of

21   counterfeit Nintendo amiibo cards and video game cartridges. Amazon.com, Inc. and

22   Amazon.com Services LLC (collectively, "Amazon") and Nintendo (together with Amazon,

23   "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from

24   causing future harm to Amazon's and Nintendo's customers, reputations, and intellectual

25   property ("IP"), and to hold Defendants accountable for their illegal actions.

26          2.      Amazon.com Services LLC owns and operates the Amazon.com store (the

27   "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.      Nintendo of America Inc. established in 1980 and headquartered in Redmond, Washington, is a wholly owned subsidiary of Nintendo Co., Ltd., a Japanese company headquartered in Kyoto, Japan. Nintendo of America Inc. is responsible for the marketing and sale of Nintendo's products, and the enforcement of Nintendo's intellectual property rights in the United States. Nintendo Co., Ltd. develops, and Nintendo of America Inc. markets and distributes, electronic video game consoles, games, and accessories. Collectively, Nintendo of America Inc. and Nintendo Co., Ltd. are referred to herein as "Nintendo." For decades, Nintendo has been a leading developer and producer of video games and video game consoles. In 1983, Nintendo released the Family Computer in Japan and, in 1985, released the Nintendo Entertainment System, or "NES," in the United States, which introduced millions of consumers to now-classic games like Super Mario Bros., The Legend of Zelda, and Donkey Kong. The NES console also introduced millions of consumers to some of Nintendo's original and long-lasting characters, including Mario and Luigi, Yoshi, Link, Donkey Kong, and Samus Aran. Over the ensuing decades, Nintendo followed up the popularity of the NES console with the release of such groundbreaking home video game consoles as the Super Nintendo Entertainment System, Nintendo 64, Nintendo GameCube, Wii, Wii U, and the Nintendo Switch, and groundbreaking handheld video game consoles such as the Game Boy, Game Boy Color, Game Boy Advance, Nintendo DS, Nintendo 3DS, the Nintendo Switch, and recently, the Nintendo Switch Lite (a

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

sister console of the Nintendo Switch dedicated to handheld play). The Game Boy family of consoles in particular is one of the most popular video game consoles ever released, and introduced consumers to landmark games like Tetris, Kirby's Dream Land, and Pokémon. Since 1983, Nintendo has sold more than 5.5 billion video games and more than 800 million hardware units globally.

4.      Nintendo launched a toys-to-life platform called amiibo to enhance the gaming experience. It consists of a wireless communications and storage protocol for connecting figurines to the Wii U, Nintendo 3DS, and Nintendo Switch video game consoles. These toys use near field communication (NFC) to interact with supported video game software, potentially allowing data to be transferred in and out of games and across multiple platforms. In 2015, Nintendo began selling interactive amiibo cards. Tapping an amiibo card while playing compatible Nintendo Switch, Nintendo 3DS, or Wii U systems uncovers surprising features for the gamer, including unlocking new modes, weapons or character customizations, or boosting a character's abilities.

5.      Nintendo owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, Nintendo owns the following registered trademarks ("Nintendo Trademarks").

| Mark | Registration No. (International Classes) |
|------|------------------------------------------|
| NINTENDO | 1,689,015 (16; 28; 37) |
| Pokémon | 2,358,736 (16) |
| POKÉMON | 2,515,001 (16) |
| SUPER SMASH BROS. | 2,578,692 (9) |
| ANIMAL CROSSING | 2,803,207 (9) |

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

| Mark | Registration No. (International Classes) |
|---|---|
| THE LEGEND OF ZELDA TWILIGHT PRINCESS | 3,408,725 (9) |
| THE LEGEND OF ZELDA | 3,408,763 (9) |
| THE LEGEND OF ZELDA: OCARINA OF TIME | 3,447,655 (9) |
| NINTENDO 3DS | 4,234,454 (9) |
| SPLATOON | 4,791,747 (9) |
| :a: | 4,863,365 (9; 28) |
| amiibo | 4,905,782 (28) |
| THE LEGEND OF ZELDA: MAJORA'S MASK | 4,946,348 (9) |
| amiibo | 4,988,289 (9; 28; 41) |
| ANIMAL CROSSING | 5,024,203 (28) |
| THE LEGEND OF ZELDA | 5,192,374 (28) |
| SPLATOON | 5,228,602 (28) |
| THE LEGEND OF ZELDABREATH OF THE WILD | 5,277,680 (9) |
| NINTENDO 3DS | 5,964,030 (9; 28; 41) |
| SUPER MARIO | 6,082,304 (14; 16; 18; 30; 41) |
| MARIOKART | 6,109,886 (14; 16; 18; 21; 24; 25; 28; 30; 32; 41) |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| Mark | Registration No. (International Classes) |
|---|---|
| LINK'S AWAKENING | 6,110,151 (9) |
| ANIMAL CROSSING | 6,187,440 (16; 18; 25) |
| SKYWARD SWORD | 6,213,745 (9) |
| THE LEGEND OF ZELDA | 6,291,670 (3; 5; 9; 14; 16; 18; 20; 21; 24; 25; 28; 30; 41) |
| ZELDA | 2,345,332 |
| METROID | 6,829,861 (14; 16; 18; 25; 28; 41) |

True and correct copies of the registration certificates for the Nintendo Trademarks are attached as **Exhibit A.**

6.      Beginning in May 2017, Defendants registered with Amazon to sell in the Amazon Store. At various times from March 2021 through April 2023, Defendants advertised, marketed, offered, distributed, and sold counterfeit Nintendo products in the Amazon Store, using Nintendo's Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with Nintendo.

7.      As a result of their illegal actions, Defendants have infringed and misused Nintendo's IP; breached their contract with Amazon; willfully deceived and harmed Amazon, Nintendo, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Nintendo. Defendants' illegal actions have caused Amazon and Nintendo to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Nintendo, and their customers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

## II.    PARTIES

2      8.      Amazon.com, Inc. is a Delaware corporation with its principal place of business

3  in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal

4  place of business in Seattle, Washington.

5      9.      Nintendo of America Inc. is a Washington corporation headquartered in

6  Redmond, Washington.

7      10.     Defendants are a collection of individuals and/or entities, both known and

8  unknown, who conspired and operated in concert with each other to engage in the counterfeiting

9  scheme alleged in this Complaint. Defendants are the individuals and entities who operated,

10 controlled, and/or were responsible for the selling accounts detailed in **Schedules 1A and 1B**

11 attached hereto ("Defendants' Selling Accounts" or "Selling Accounts"). Defendants are subject

12 to liability for their wrongful conduct both directly and under principles of secondary liability

13 including, without limitation, *respondeat superior*, vicarious liability, and/or contributory

14 infringement.

15     11.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are

16 individuals and/or entities working in active concert with each other and the named Defendants

17 to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell

18 counterfeit Nintendo products. The identities of the Doe Defendants are presently unknown to

19 Plaintiffs.

20 ## III.    JURISDICTION AND VENUE

21     12.     The Court has subject matter jurisdiction over Nintendo's Lanham Act claim for

22 trademark infringement and counterfeiting, and Amazon's and Nintendo's Lanham Act claims

23 for false designation of origin and false advertising, pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

24 §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of

25 contract claim and Amazon's and Nintendo's claims for violation of the Washington Consumer

26 Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

13.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Nintendo's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold (or attempted to sell) in the Amazon Store products bearing counterfeit versions of the Nintendo Trademarks and which otherwise infringed Nintendo's IP. Additionally, certain Defendants shipped products bearing counterfeit versions of the Nintendo Trademarks to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Nintendo substantial injury in Washington.

14.     Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights in the Amazon Store are the state or federal courts located in King County, Washington.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

16.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

17.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

18.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

19.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

20.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and report potentially infringing products using state-of-the-art image search technology. In 2022, through continued improvements in Amazon's automated protections, brands found fewer

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

21.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2022, over 33,000 brands were using Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million product units across the supply chain.

22.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

23.     Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

24.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

25.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.      Nintendo and Its Anti-Counterfeiting Efforts**

26.     Nintendo has made substantial investments in the development, marketing and promotion of its innovative products. Nintendo is committed to protecting the hard work and creativity of video game engineers and developers who devote significant time and effort to create experiences that bring smiles to all. Nintendo goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat counterfeit products. Nintendo's efforts include registration of the intellectual property rights in and to its video game consoles, software and accessories in the United States and around the world. Nintendo utilizes both internal and external resources to combat counterfeit and infringing products. Nintendo works with a third-party brand protection service vendor on the detection and removal of product listings violating Nintendo's IP rights that are identified and sold in Amazon's stores Nintendo works regularly and collaboratively with Amazon to identify counterfeit Nintendo products and to strengthen automated detection and removal of the products from Amazon's stores. Nintendo is currently enrolled in Brand Registry and Project Zero.

**C.      Defendants Created Amazon Selling Accounts, Agreed Not to Sell
           Counterfeit Goods, and Agreed to Provide Accurate Information to Amazon**

27.     At various times between March 2018 and April 2023, Defendants established, controlled, and operated the nine (9) Selling Accounts detailed in Schedules 1A and 1B, through which they sought to advertise, market, offer, distribute, and sell counterfeit Nintendo products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

In connection with these Selling Accounts, Defendants provided Amazon with names, email addresses, and bank information.

28.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable versions of the BSA, namely, the versions Defendants last agreed to when using Amazon's services, are attached as **Exhibit B**.

29.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

30.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

31.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o   Bootlegs, fakes, or pirated copies of products or content

  o   Products that have been illegally replicated, reproduced, or manufactured

  o   Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o   Remove suspect listings.

  o   Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

32.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id.* ¶ 5.

33.     When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**D.     Defendants' Sale of Counterfeit Nintendo Products and False Information Provided to Amazon**

34.     On information and belief, Defendants created Selling Accounts and advertised, marketed, offered, distributed, and sold Nintendo-branded products in the Amazon Store. The counterfeit Nintendo-branded products sold by Defendants are identified and described in Schedules 1A and 1B.

35.     Nintendo has reviewed physical samples and/or images of Nintendo-branded products offered for sale and/or sold by Defendants' Selling Accounts and determined that the products are inauthentic, bear counterfeit Nintendo Trademarks, and that Nintendo has never authorized the sale of such products, as detailed in Schedules 1A and 1B.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

36.     In addition, as further detailed in Schedule 1A, certain Defendants submitted falsified invoices to Amazon purporting to show that their counterfeit products came from a supplier of authentic products.

**E.     Defendants' Coordinated Sale of Counterfeit Nintendo Products**

37.     On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic Nintendo-branded products. Defendants are associated through common physical addresses, phone numbers, credit card information, and IP addresses provided to Amazon or used to access their Amazon Selling Accounts.

**F.     Amazon Shut Down Defendants' Selling Accounts**

38.     By selling (or offering to sell) counterfeit and infringing Nintendo products, Defendants falsely represented to Amazon and its customers that the products Defendants sold (or offered for sale) were genuine products made by Nintendo. Defendants also knowingly and willfully used Nintendo's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Nintendo products.

39.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold (or offered for sale), and from misleading Amazon and its customers through their sale (or offering for sale) of inauthentic Nintendo products. Defendants have breached the terms of their agreement with Amazon, deceived Amazon's customers and Amazon, infringed and misused the IP rights of Nintendo, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and Nintendo's brands.

40.     After Amazon verified Defendants' sale of counterfeit Nintendo products, it promptly blocked Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Nintendo.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

2

3

## V.     CLAIMS

### FIRST CLAIM
*(by Nintendo against all Defendants)*
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

4          41.     Plaintiff Nintendo incorporates by reference the allegations of the preceding

5    paragraphs as though set forth herein.

6          42.     Defendants' activities constitute counterfeiting and infringement of the Nintendo

7    Trademarks as described in the paragraphs above.

8          43.     Nintendo owns the Nintendo Trademarks and advertises, markets, offers,

9    distributes, and sells its products using the Nintendo Trademarks described above and uses those

10   trademarks to distinguish its products from the products and related items of others in the same

11   or related fields.

12         44.     Because of Nintendo's long, continuous, and exclusive use of the Nintendo

13   Trademarks identified in this Complaint, the trademarks have come to mean, and are understood

14   by customers and the public to signify, products from Nintendo.

15         45.     Defendants unlawfully advertised, marketed, offered, distributed, and sold

16   products bearing counterfeit and infringing versions of the Nintendo Trademarks with the intent

17   and likelihood of causing customer confusion, mistake, and deception as to the products' source,

18   origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that

19   the products originated from, were affiliated with, and/or were authorized by Nintendo and likely

20   caused such erroneous customer beliefs.

21         46.     As a result of Defendants' wrongful conduct, Nintendo is entitled to recover its

22   actual damages, Defendants' profits attributable to the infringement, treble damages, and

23   attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Nintendo is entitled to

24   statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

25         47.     Nintendo is further entitled to injunctive relief, including an order impounding all

26   counterfeit and infringing products and promotional materials in Defendants' possession.

27   Nintendo has no adequate remedy at law for Defendants' wrongful conduct because, among

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

other things: (a) the Nintendo Trademarks are unique and valuable properties that have no readily determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Nintendo and Nintendo's reputation and goodwill such that Nintendo could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to Nintendo due to Defendants' wrongful conduct is likely to be continuing.

## SECOND CLAIM
### *(by Nintendo against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

48.     Plaintiff Nintendo incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

49.     Nintendo owns the Nintendo Trademarks and advertises, markets, offers, distributes, and sells its products using those trademarks described above, and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

50.     Because of Nintendo's long, continuous, and exclusive use of the Nintendo Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers, users, and the public, to signify products from Nintendo.

51.     Defendants' wrongful conduct includes the infringement of the Nintendo Trademarks in connection with Defendants' commercial advertising, marketing, offering, distributing, and selling of counterfeit Nintendo products in interstate commerce.

52.     In advertising, marketing, offering, distributing, and selling products bearing counterfeit versions of the Nintendo Trademark, Defendants have used, and on information and belief continue to use, the trademarks referenced above to compete unfairly with Nintendo and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertised, marketed, offered, distributed, or sold in connection with the Nintendo Trademarks and wrongfully trades upon Nintendo's goodwill and business reputation.

53.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Nintendo, all in violation of 15 U.S.C. § 1125(a)(1)(A).

54.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

55.      Nintendo is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Nintendo. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Nintendo for its injuries, and Nintendo lacks an adequate remedy at law.

56.     Nintendo is further entitled to recover Defendants' profits, Nintendo's damages for its losses, and Nintendo' costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. Nintendo is also entitled to the trebling of any damages award as allowed by law.

**THIRD CLAIM**
*(by Amazon against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

57.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

58.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

59.     Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

60.     In advertising, marketing, offering, distributing, and selling counterfeit Nintendo products in the Amazon Store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

61.     Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

62.     As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

63.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

64.     Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

**FOURTH CLAIM**
*(by Nintendo and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

65.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

66.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Nintendo products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

67.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Nintendo products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

68.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Nintendo products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

69.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Nintendo further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, with regards to Defendants' activities involving the sale of counterfeit products.

**FIFTH CLAIM**
*(by Amazon.com Services LLC[1] against Schedule 1A Defendants)*
**Breach of Contract**

70.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

71.     Defendants established Amazon selling accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA,

---

[1] For the Fifth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

72.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

73.     Defendants' sale and distribution of counterfeit Nintendo products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Nintendo.

74.     In furtherance of their sale and distribution of counterfeit Nintendo products, certain Defendants in Schedule 1A further breached the BSA and its incorporated policies by submitting falsified documents to Amazon in order to obtain approval to sell the products in the Amazon Store.

75.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with them, from:

(i)     selling products in Amazon's stores;

(ii)     selling products to Amazon or any affiliate;

(iii)     opening or attempting to open any Amazon selling accounts;

(iv)     importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of Nintendo's brand or trademarks, or which otherwise infringes Nintendo's IP, on any platform or in any medium; and

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

(v)     assisting, aiding, or abetting any other person or business entity in

2

engaging in or performing any of the activities referred to in

3

subparagraphs (i) through (iv) above;

4

B.      That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

5

C.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and

6

permitting destruction of all counterfeit and infringing products bearing the Nintendo

7

Trademarks or that otherwise infringe Nintendo's IP, and any related materials, including

8

business records and materials used to reproduce any infringing products, in Defendants'

9

possession or under their control;

10

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and

11

complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants'

12

unlawful activities;

13

E.      That the Court enter an order requiring Defendants to pay all general, special, and

14

actual damages which Nintendo has sustained, or will sustain as a consequence of Defendants'

15

unlawful acts, plus the Defendants' profits from the unlawful conduct described herein, together

16

with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided

17

for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's

18

damages, plus Defendants' profits, related to Defendants' activities involving the sale of

19

counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW

20

19.86.020 or otherwise allowed by law;

21

F.      That the Court enter an order requiring Defendants to pay the maximum amount

22

of prejudgment interest authorized by law;

23

G.      That the Court enter an order requiring Defendants to pay the costs of this action

24

and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by

25

15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

26

H.      That the Court enter an order requiring that identified financial institutions

27

restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 21

activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

I.    That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 27th day of October, 2023.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

s/ Scott R. Commerson
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

s/ Lauren Rainwater
Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax