The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
8
9

10 AMAZON.COM, INC., a Delaware
corporation; AMAZON.COM SERVICES LLC,
11 a Delaware limited liability company; and
NINTENDO OF AMERICA INC., a
12 Washington corporation,

13                         Plaintiffs,

14          v.

15 CHEN JING, and individual; ZHOU RONG, an
individual; JINGJING SHAO, an individual,
16
17                         Defendants.

No. 2:23-cv-01641-MJP

**PLAINTIFFS' *EX PARTE* MOTION
FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION AGAINST
DEFENDANTS CHEN JING AND
ZHOU RONG**

NOTE ON MOTION CALENDAR:
FEBRUARY 11, 2025

18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   DEFAULT JUDGMENT SHOULD BE GRANTED ...................................... 2

    A.    Defendants Are in Default. .................................................................. 2

    B.    This Court Has Jurisdiction. ............................................................... 3

        1.    Subject Matter Jurisdiction. ................................................. 3

        2.    Personal Jurisdiction. ........................................................... 3

    C.    Plaintiffs' FAC Establishes Defendants' Liability. ............................ 5

        1.    Nintendo Has Proven Its Claim for Trademark Counterfeiting and Infringement (Claim 1). ....................................... 6

        2.    Plaintiffs Have Proven Their Claims for False Designation of Origin (Claims 2 and 3). ..................................... 7

        3.    Plaintiffs Have Proven Their Claim for Violation of the Washington Consumer Protection Act (Claim 4). .................. 9

    D.    The *Eitel* Factors Weigh in Favor of Default Judgment. ..................... 9

    E.    The Court Should Award Plaintiffs the Relief Requested in the FAC. ............. 11

        1.    The Court Should Exercise Its Discretion under the Lanham Act to Award Statutory Damages to Nintendo. ................. 11

            a.    Chen Jing, d/b/a Blkei Selling Account...................................... 14

            b.    Zhou Rong, d/b/a (1) AmllboCards; (2) Chiaofushi; (3) Fyhale Direct; (4) Jiadan-US; (5) Marsberg; (6) Srhdfbeygfjs; and (7) Xingfang Selling Accounts..................... 15

            c.    Chen Jing and Zhou Rong, d/b/a Chengdahuo Selling Account....................................................................... 15

        2.    Total Statutory Damages Sought by Nintendo Against All Defendants. ........................................................ 15

        3.    Plaintiffs Are Entitled to a Permanent Injunction................................ 16

            a.    Plaintiffs Have Suffered Irreparable Injury. ............................... 19

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - i
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

b.      The Injury Cannot Be Compensated Adequately by
        Remedies at Law............................................................................ 20

c.      The Balance of Hardships Favors Plaintiffs. ............................ 21

d.      The Public Interest Is Served by Preventing Defendants
        from Perpetuating Their Counterfeiting Activities.................... 21

III.    CONCLUSION............................................................................................ 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Adobe Sys. Inc. v. Cain,*
   2008 WL 5000194 (N.D. Cal. Nov. 21, 2008) ...................................................................17

5

6

*Amazon.com Inc. v. Zhi,*
   2024 WL 943465 (W.D. Wash. Mar. 4, 2024) .....................................................14, 18, 19

7

*Amazon.com v. Kurth,*
   2019 WL 3426064 (W.D. Wash. July 30, 2019) ...........................................................6, 12

8

9

*Amazon.com, Inc. v. Robojap Techs. LLC,*
   2021 WL 5232130 (W.D. Wash. Nov. 10, 2021) ..............................................................21

10

11

*Amazon.com, Inc. v. Sirowl Tech.,*
   2022 WL 19000499 (W.D. Wash. Oct. 3, 2022) ...........................................7, 14, 18

12

13

*Amazon.com, Inc. v. White,*
   2022 WL 1641423 (W.D. Wash. May 24, 2022) ...........................................7, 14, 18

14

*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC,*
   2020 WL 758070 (W.D. Wash. Feb. 14, 2020) ..................................................................9

15

16

*Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.,*
   2020 WL 6132203 (W.D. Wash. Oct. 19, 2020) ...............................................................5

17

18

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.,*
   174 F.3d 1036 (9th Cir. 1999) ..........................................................................................21

19

*Chan v. Soc'y Expeditions, Inc.,*
   39 F.3d 1398 (9th Cir. 1994) ..............................................................................................4

20

21

*Coach Servs., Inc. v. YNM, Inc.,*
   2011 WL 1752091 (C.D. Cal. May 6, 2011) ..............................................................13, 17

22

23

*Coach, Inc. v. Citi Trends, Inc.,*
   2019 WL 1940622 (C.D. Cal. Apr. 5, 2019) ....................................................................15

24

*Coach, Inc. v. Pegasus Theater Shops,*
   2013 WL 5406220 (W.D. Wash. Sept. 25, 2013) ...............................................................7

25

26

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.,*
   24 F.3d 1099 (9th Cir. 1994) ............................................................................................20

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - iii
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Criminal Prods., Inc. v. Gunderman*,
   2017 WL 664047 (W.D. Wash. Feb. 17, 2017)................................................10, 11

*Curtis v. Illumination Arts, Inc.*,
   33 F. Supp. 3d 1200 (W.D. Wash. 2014) .......................................................11

*DC Comics v. Towle*,
   802 F.3d 1012 (9th Cir. 2015) ......................................................................11

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696 (9th Cir. 2008) ........................................................................12

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ..........................................................................4

*Dream Games of Ariz. v. PC Onsite*,
   561 F.3d 983 (9th Cir. 2009) ........................................................................12

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006)................................................................................18, 20

*eBay, Inc. v. Bidder's Edge, Inc.*,
   100 F. Supp. 2d 1058 (N.D. Cal. 2000) ........................................................20

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) .............................................................9, 10, 11

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*,
   778 F.3d 1059 (9th Cir. 2015) ......................................................................12

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir. 2007) ..........................................................................8

*Geddes v. United Fin. Grp.*,
   559 F.2d 557 (9th Cir. 1977) ..........................................................................5

*Glud & Marstrand A/S v. Viva Magnetics Ltd (Hong Kong)*,
   2012 WL 12878686 (W.D. Wash. Aug. 7, 2012) ............................................4

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
   286 F. Supp. 2d 284 (S.D.N.Y. 2003) ............................................................7

*HMH Publ'g Co., Inc. v. Brincat*,
   504 F.2d 713 (9th Cir. 1974) ........................................................................17

*In re Tuli*,
   172 F.3d 707 (9th Cir. 1999) ..........................................................................3

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - iv
(2:23-cv-01641-MJP)

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945)..........................................................................................................4

*Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*,
    347 F. App'x 275 (9th Cir. 2009) ...............................................................................12

*Levi Strauss & Co. v. Blue Bell, Inc.*,
    632 F.2d 817 (9th Cir. 1980) ......................................................................................17

*Lions Gate Films Inc. v. Saleh*,
    2016 WL 6822748 (C.D. Cal. Mar. 24, 2016)......................................................10, 11, 17

*Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*,
    149 F.3d 987 (9th Cir. 1998) ......................................................................................12

*Love v. Associated Newspapers, Ltd.*,
    611 F.3d 601 (9th Cir. 2010) ........................................................................................6

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015)..........................................................................8

*Microsoft Corp. v. BH Tech, Inc.*,
    2016 WL 8732074 (C.D. Cal. Sept. 2, 2016) ........................................................12, 17

*Microsoft Corp. v. McGee*,
    490 F. Supp. 2d 874 (S.D. Ohio 2007) .......................................................................12

*Microsoft Corp. v. Ricketts*,
    2007 WL 1520965 (N.D. Cal. May 24, 2007)..............................................................10

*Monster Energy Co. v. Vital Pharms., Inc.*,
    2023 WL 2918724 (C.D. Cal. Apr. 12, 2023) ..............................................................19

*Nat'l Football League Props., Inc. v. Wichita Falls Sportswear, Inc.*,
    532 F. Supp. 651 (W.D. Wash. 1982) ........................................................................17

*Nautilus, Inc. v. Chunchai Yu*,
    2011 WL 13213575 (C.D. Cal. Dec. 19, 2011) ...........................................................13

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
    310 F. Supp. 3d 1089 (S.D. Cal. 2018)........................................................................8

*PepsiCo, Inc. v. Cal. Sec. Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ......................................................................11

*Philip Morris USA Inc. v. Castworld Prods., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003)........................................................................10, 13

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - v
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Philip Morris USA Inc. v. Lee*,
    547 F. Supp. 2d 667 (W.D. Tex. 2008) .................................................................11

*Philip Morris USA Inc. v. Liu*,
    489 F. Supp. 2d 1119 (C.D. Cal. 2007) ...............................................................13

*Philip Morris USA Inc. v. Marlboro Express*,
    2005 WL 2076921 (E.D.N.Y. Aug. 26, 2005) .....................................................12

*Philip Morris USA Inc. v. Shalabi*,
    352 F. Supp. 2d 1067 (C.D. Cal. 2004) .................................................................8

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
    261 F.3d 1188 (11th Cir. 2001) .............................................................................8

*Powerwand Inc. v. Hefai Neniang Trading Co.*,
    2023 WL 4201748 (W.D. Wash. June 27, 2023) ...................................................7

*Regal Knitwear Co. v. N.L.R.B.*,
    324 U.S. 9 (1945) ................................................................................................19

*Reno Air Racing Ass'n., Inc. v. McCord*,
    452 F.3d 1126 (9th Cir. 2006) ................................................................17, 18, 20

*Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*,
    2014 WL 5880170 (W.D. Wash. Sept. 30, 2014).................................................4

*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
    2015 WL 9690322 (C.D. Cal. Sept. 29, 2015) ...................................................13

*Safeworks, LLC v. Teupen Am., LLC*,
    717 F. Supp. 2d 1181 (W.D. Wash. 2010) ..........................................................19

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .................................................................................5

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...............................................................................4

*Steele v. Bulova Watch Co.*,
    344 U.S. 280 (1952)...............................................................................................6

*T-Mobile USA, Inc. v. Terry*,
    862 F. Supp. 2d 1121 (W.D. Wash. 2012) .....................................................20, 21

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) .................................................................................5

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - vi
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Treemo, Inc. v. Flipboard, Inc.*,
    53 F. Supp. 3d 1342 (W.D. Wash. 2014) ...................................................21

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) ...............................................................6

*Wimo Labs, LLC v. eBay, Inc.*,
    2017 WL 10439835 (C.D. Cal. Aug. 3, 2017) ...................................13, 18

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ...............................................................5

**Federal Statutes**

15 U.S.C. § 1114.......................................................................................6

15 U.S.C. § 1116(a)...........................................................................17, 20

15 U.S.C. § 1117(c)...........................................................................12, 15

15 U.S.C. § 1117(c)(1)............................................................................13

15 U.S.C. § 1117(c)(2)............................................................................11

15 U.S.C. § 1121(a).................................................................................3

15 U.S.C. § 1125 (Lanham Act) ....................................................*passim*

15 U.S.C. § 1125......................................................................................8

15 U.S.C. § 1127......................................................................................6

28 U.S.C. § 1331......................................................................................3

28 U.S.C. § 1332......................................................................................3

28 U.S.C. § 1338......................................................................................3

28 U.S.C. § 1367......................................................................................3

Public Law No. 116-260 (Trademark Modernization Act of 2020)...........17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

**State Statutes**

RCW 4.28.180 ........................................................................................................................4

RCW 19.86 (Washington Consumer Protection Act).........................................................3, 9, 17

RCW 19.86.090 ....................................................................................................................17

**Rules**

Federal Rule of Civil Procedure 12 ........................................................................................3

Federal Rule of Civil Procedure 55(b)....................................................................................3

Federal Rule of Civil Procedure 55(b)(2) ...............................................................................2

Federal Rule of Civil Procedure 65(d)(2) .........................................................................18, 19

Local Civil Rule 55(b) ..........................................................................................................3

Local Civil Rule 65..............................................................................................................19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

Nintendo of America Inc., established in 1980 and headquartered in Redmond, Washington, is a wholly owned subsidiary of Nintendo Co., Ltd., a Japanese company headquartered in Kyoto, Japan. Nintendo of America Inc. is responsible for the marketing and sale of Nintendo's products, and the enforcement of Nintendo's intellectual property rights in the United States. Nintendo Co., Ltd. develops, and Nintendo of America Inc. markets and distributes, electronic video game consoles, games, and accessories. (Together, Nintendo of America Inc. and Nintendo Co., Ltd. are referred to herein as "Nintendo.")

For decades, Nintendo has been a leading developer and producer of video games and video game consoles. Nintendo launched a toys-to-life product called "amiibo" to enhance the gaming experience by connecting figurines to various Nintendo video game consoles, including the Wii U, Nintendo 3DS, and Nintendo Switch. These toys use near field communication to interact with supported video game software. In 2015, Nintendo began selling interactive amiibo cards. Tapping an amiibo card while playing compatible Nintendo Switch, Nintendo 3DS, or Wii U systems uncovers various features for the gamer, including unlocking new modes, weapons, or character customizations, or boosting a character's abilities.

Plaintiff Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and affiliates of Plaintiff Amazon.com, Inc. (together with Amazon.com Services LLC, "Amazon") own and operate equivalent counterpart international stores. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud, and other forms of abuses.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 1
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon and Nintendo (together, "Plaintiffs") are seeking relief against Defendants Chen Jing ("Jing") and Zhou Rong ("Rong," and with Jing, "Defendants") for their scheme to sell counterfeit Nintendo-branded products in the Amazon Store. Through their respective Amazon selling accounts (the "Selling Accounts"),[1] Defendants willfully sold at least $2,343,386 of products bearing counterfeit versions of Nintendo's registered trademarks (the "Nintendo Trademarks").[2] Declaration of Robert Garrett ("Garrett Decl.") ¶ 3. As a result of Defendants' willful acts of infringement and deception, Nintendo, Amazon, and their customers have been harmed and continue to be harmed. Plaintiffs brought this action to prevent further harm and to hold Defendants accountable.

Defendants are in default. Dkt. 29. The prerequisites for default judgment have been met. Fed. R. Civ. P. 55(b)(2); LCR 55(b). Nintendo seeks statutory damages under the Lanham Act, and Plaintiffs seek entry of a permanent injunction to prevent further harm to Plaintiffs and their customers.

## II.     DEFAULT JUDGMENT SHOULD BE GRANTED

### A.     Defendants Are in Default.

Plaintiffs initiated this action on October 27, 2023, by filing a Complaint for Damages and Equitable Relief against individuals and entities doing business as certain Amazon selling accounts. Dkt. 1. Pursuant to an order of this Court, Plaintiffs conducted expedited discovery that identified Jing and Rong as responsible for the Selling Accounts used in selling counterfeit Nintendo-branded products. Dkt. 13. Accordingly, Plaintiffs filed a First Amended Complaint

---

[1] The Selling Accounts are: (1) AmllboCards; (2) Blkei; (3) Chengdahuo; (4) Chiaofushi; (5) Fyhale Direct; (6) Jiadan-US; (7) Marsberg; (8) Srhdfbeygfjs; and (9) Xingfang. Declaration of Robert Garrett ¶ 3.

[2] The "Nintendo Trademarks" refer to U.S. Trademark Registration Nos. (1) 1,689,015; (2) 2,358,736; (3) 2,515,001; (4) 2,578,692; (5) 2,803,207; (6) 3,408,725; (7) 3,408,763; (8) 3,447,655; (9) 4,234,454; (10) 4,791,747; (11) 4,863,365; (12) 4,905,782; (13) 4,946,348; (14) 4,988,289; (15) 5,024,203; (16) 5,192,374; (17) 5,228,602; (18) 5,277,680; (19) 5,964,030; (20) 6,082,304; (21) 6,109,886; (22) 6,110,151; (23) 6,187,440; (24) 6,213,745; (25) 6,291,670; (26) 2,345,332; (27) 6,829,861. Declaration of Jacqueline Knudson ("Knudson Decl.") ¶ 2.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 2
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

for Damages and Equitable Relief ("FAC") naming Jing and Rong as defendants.[3] *See* FAC
(Dkt. 14).

In accordance with the Court's order granting Plaintiffs' Motion for Alternative Service
(Dkt. 24), Plaintiffs successfully served Defendants with the FAC and Summonses via registered
email on October 7, 2024. Dkt. 25. Defendants have not appeared personally or through counsel,
have not filed or served answers during the time provided in Rule 12 of the Federal Rules of
Civil Procedure, and have not otherwise indicated their intent to participate in this litigation. Dkt.
29. Accordingly, on November 15, 2024, the Clerk entered an order of default against
Defendants. *Id.* Plaintiffs now move for default judgment under Federal Rule of Civil Procedure
55(b) and Local Civil Rule 55(b).

**B.     This Court Has Jurisdiction.**

In considering entry of default judgment, the Court must examine its jurisdiction over the
subject matter and parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1.     Subject Matter Jurisdiction.**

The Court has subject matter jurisdiction over Nintendo's claims for trademark
counterfeiting and trademark infringement (Claim 1), and for false designation of origin (Claim
2), pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court also has
subject matter jurisdiction over Amazon's claim for false designation of origin (Claim 3),
pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. Additionally, the Court has
subject matter jurisdiction over Plaintiffs' claim for violation of the Washington Consumer
Protection Act ("CPA") (Claim 4), pursuant to 28 U.S.C. §§ 1332 and 1367.

**2.     Personal Jurisdiction.**

The Court has personal jurisdiction over Defendants on two grounds. First, the Amazon
Business Solutions Agreement ("BSA") that Defendants entered into with Amazon in order to
register the Selling Accounts contains a forum selection clause that vests this Court with

---

[3] The FAC also named Jingjing Shao as a defendant. *See* Dkt. 14. Plaintiffs voluntarily dismissed Shao, without
prejudice, on September 26, 2024. Dkt. 19.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 3
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    jurisdiction to hear this dispute. FAC ¶¶ 6, 16, 29-30, Ex. B; *see Glud & Marstrand A/S v. Viva*

2    *Magnetics Ltd (Hong Kong)*, 2012 WL 12878686, at *2 (W.D. Wash. Aug. 7, 2012) (Pechman,

3    J.) (forum selection clause alone is sufficient to confer personal jurisdiction and venue) (citing

4    *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994)).

5          Second, independent of the forum selection clause, the Court also has personal

6    jurisdiction over Defendants because they purposefully directed their unlawful activities toward

7    Washington and consummated transactions in Washington, including sales of their counterfeit

8    goods to customers in Washington. FAC ¶ 15. Washington's long-arm statute is coextensive with

9    federal due process. RCW 4.28.180. Therefore, to exercise personal jurisdiction over a

10   nonresident defendant, a court need only find that the defendant has "certain minimum contacts"

11   with the forum "such that the maintenance of the suit does not offend traditional notions of fair

12   play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal

13   quotation marks and citation omitted). This means that a "defendant's conduct and connection

14   with the forum State must be such that the defendant should reasonably anticipate being haled

15   into court there." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal quotation marks

16   and citation omitted).

17         This Court has specific jurisdiction over Defendants because their "'contacts with the

18   forum give rise to the cause of action before the court.'" *Rinky Dink Inc. v. Elec. Merch. Sys.*

19   *Inc.*, 2014 WL 5880170, at *2 (W.D. Wash. Sept. 30, 2014) (Coughenour, J.) (quoting *Doe v.*

20   *Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in*

21   *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). The Ninth Circuit

22   evaluates specific jurisdiction using a three-part test:

23                (1) The non-resident defendant must purposefully direct his
24                activities or consummate some transaction with the forum or
                   resident thereof; or perform some act by which he purposefully
                   avails himself of the privilege of conducting activities in the
25                forum, thereby invoking the benefits and protections of its laws;

26                (2) the claim must be one which arises out of or relates to the
                   defendant's forum-related activities; and
27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 4
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

> (3) the exercise of jurisdiction must comport with fair play and
> substantial justice, i.e. it must be reasonable.

2

3    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation

4    marks and citation omitted). The purposeful availment prong requires a showing that "'defendant

5    allegedly […] (1) committed an intentional act, (2) expressly aimed at the forum state, (3)

6    causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc. v.*

7    *La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (alteration

8    in original) (quoting *Schwarzenegger*, 374 F.3d at 803).

9          These jurisdictional requirements are satisfied. Defendants unlawfully sold counterfeit

10   Nintendo-branded products that infringe the Nintendo Trademarks in violation of state and

11   federal law, and in breach of Defendants' agreements with Amazon. *See* FAC ¶¶ 29-39.

12   Defendants' acts were aimed at Washington because Defendants entered into an ongoing

13   contractual relationship with a Washington company, Amazon, and then violated that contractual

14   relationship by selling counterfeit products in the Amazon Store. *Id*. Pursuant to their contracts

15   with Amazon, Defendants' fraudulent transactions flowed through Washington. Furthermore,

16   through the Selling Accounts, Defendants sold counterfeit Nintendo-branded products to

17   Washington residents. *See* Garrett Decl. ¶ 3; Dkt. 22 ¶ 2. These acts in Washington caused harm

18   to Amazon and its customers, to Nintendo and its customers, and to the public. *See Yahoo! Inc.*,

19   433 F.3d at 1206-07. Plaintiffs' claims arise out of these activities, and there is nothing

20   unreasonable about exercising jurisdiction here.

21          C.      **Plaintiffs' FAC Establishes Defendants' Liability.**

22          On a motion for default judgment, the Court must accept the factual allegations in the

23   operative complaint as true, with the exception that facts related to the amount of damages must

24   be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam);

25   *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (same); *accord Bd.*

26   *of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.*, 2020 WL 6132203, at

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 5
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*1 (W.D. Wash. Oct. 19, 2020) (Martinez, J.). The factual allegations in the FAC establish that Defendants are liable on all claims.[4]

### 1.    Nintendo[5] Has Proven Its Claim for Trademark Counterfeiting and Infringement (Claim 1).

To prevail on its claim for trademark infringement, Nintendo must show that Defendants "(1) reproduc[ed], counterfeit[ed], [or] cop[ied] … [the Nintendo Trademarks], (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive." *Amazon.com v. Kurth*, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019) (Jones, J.) (citing 15 U.S.C. § 1114). The test of likelihood of confusion is "whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the goods or service bearing one of the marks." *Id.* (internal quotation marks and citation omitted). "Commerce" under the Lanham Act is broadly defined as "all commerce which may lawfully be regulated by Congress," (15 U.S.C. § 1127), which includes conduct having an effect on interstate sales in the United States, as alleged here. *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286-87 (1952); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 612-13 n.6 (9th Cir. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 426 (9th Cir. 1977)).

As alleged by Plaintiffs and admitted by default, Nintendo has proven this claim by demonstrating the following: (1) it owns the Nintendo Trademarks (FAC ¶ 5, Ex. A; Declaration of Jacqueline Knudson ("Knudson Decl.") ¶ 2, Ex. A); (2) it examined samples of products that Defendants shipped to Amazon, or images of the same (FAC ¶ 38, Schedule 1; Knudson Decl. ¶¶ 3-4); and (3) it determined those products were counterfeit imitations of Nintendo-branded products, illegally bearing the Nintendo Trademarks, based on deviations from authentic

---

[4] Amazon is not moving for judgment on its breach of contract claim. Amazon agrees to voluntarily dismiss that claim without prejudice.

[5] "Nintendo" in the following sections refers to Plaintiff Nintendo of America Inc.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 6
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Nintendo products and their packaging, instructions, and printing (FAC ¶¶ 38, 48; Knudson Decl. ¶¶ 3-5).

These well-pled allegations, as supported by Plaintiffs' declarations, establish trademark infringement. *See, e.g.*, *Amazon.com, Inc. v. White*, 2022 WL 1641423, at *6-7 (W.D. Wash. May 24, 2022) (Chun, J.) (granting motion for default judgment on trademark infringement claim based on well-pled allegations in complaint); *Amazon.com, Inc. v. Sirowl Tech.*, 2022 WL 19000499, at *2 (W.D. Wash. Oct. 3, 2022) (Lasnik, J.) (finding that "allegations in the complaint, taken as true, establish plaintiffs' trademark infringement claim"); *Powerwand Inc. v. Hefai Neniang Trading Co.*, 2023 WL 4201748, at *4 (W.D. Wash. June 27, 2023) (Chun, J.) (accepting plaintiff's allegations as true, "a reasonably prudent consumer would likely confuse [d]efendants' offerings with [plaintiff's] products" and therefore plaintiff established its claim for trademark infringement); *Coach, Inc. v. Pegasus Theater Shops*, 2013 WL 5406220, at *3 (W.D. Wash. Sept. 25, 2013) (Pechman, J.) ("[b]ecause counterfeit marks are, by design, 'inherently confusing' … if the plaintiff presents evidence demonstrating an allegedly infringing mark is counterfeit, then a strong likelihood of confusion is established and analysis of the *Sleekcraft* factors is unnecessary.") (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003)).

In summary, Defendants' unauthorized use of the Nintendo Trademarks in connection with the sale of counterfeit products in the Amazon Store was likely to confuse customers, causing them to believe, erroneously, that Defendants' goods were provided, sponsored, approved by, or somehow affiliated with, Nintendo.

### 2.    Plaintiffs Have Proven Their Claims for False Designation of Origin (Claims 2 and 3).[6]

To prevail on their claims for false designation of origin, Nintendo and Amazon each must show that Defendants "(1) used in commerce (2) any word, false designation of origin,

---

[6] Nintendo is not moving for judgment on its false advertising claim. Nintendo agrees to voluntarily dismiss that claim without prejudice.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 7
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

false or misleading description, or representation of fact, which (3) is likely to cause confusion or

mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in

question." *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015)

(citing *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-04 (9th Cir. 2007)); 15 U.S.C. § 1125.

These elements are routinely met in cases involving counterfeit marks, as "counterfeit marks are

inherently confusing." *Philip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal.

2004) (internal quotation marks and citations omitted). With regard to Amazon, a plaintiff is not

required to own the trademarks that are infringed in order to state a claim under Section 43(a) of

the Lanham Act (codified at 15 U.S.C. § 1125(a)). *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l,

LLC*, 310 F. Supp. 3d 1089, 1114 (S.D. Cal. 2018) ("The question of ownership is immaterial to

standing under § 43(a).") (internal quotation marks and citations omitted). Section 43(a) is

"remedial in nature and should be interpreted and applied broadly so as to effectuate its remedial

purpose." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).

Here, both Nintendo and Amazon have proven their false designation claims. As noted

above, Plaintiffs have shown that Defendants sold counterfeit imitations of Nintendo-branded

products bearing the Nintendo Trademarks. FAC ¶¶ 36-39; Knudson Decl. ¶¶ 3-4. This misuse

of the Nintendo Trademarks deceived customers into believing that they were buying authentic

Nintendo products when the goods were actually counterfeit. FAC ¶¶ 6-7, 50, 55. Defendants'

exploitation of the Nintendo Trademarks undermined Nintendo's ability to safeguard its brand

goodwill and reputation for quality and excellence. *See* FAC ¶¶ 3, 28, 55; Knudson Decl. ¶ 5.

Likewise, Defendants deceived Amazon about the authenticity of the products they were

advertising, marketing, offering, and selling, in direct and willful violation of the BSA and

Amazon's Anti-Counterfeiting Policies. The BSA requires a seller to represent and warrant that

it "'will comply with all applicable Laws in [the] performance of its obligations and exercise of

its rights' under the BSA." FAC ¶ 30, Ex. B. The BSA also incorporates Amazon's Anti-

Counterfeiting Policies, which expressly prohibit the sale of counterfeit products and describe

Amazon's commitment to preventing the sale and distribution of counterfeit goods in the

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 8
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon Store and the consequences for violating Amazon's policies. *Id.* ¶¶ 32-33, Ex. C. Defendants agreed to those terms and then egregiously flouted them. *Id.* ¶¶ 6, 29-39.

Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for Defendants' deceptive acts. *Id.* ¶ 62. Defendants' false and deceptive sale of counterfeit products in the Amazon Store jeopardized the trust that customers place in the Amazon Store and the Amazon brand, which is one of the most recognized, valuable, and trusted brands in the world. *Id.* ¶ 2, 64. The injury caused by Defendants to Amazon is irreparable because it undermined, and threatens to continue to undermine, the significant efforts that Amazon takes to protect the reputation of the Amazon Store as a place where customers can conveniently select from a wide array of authentic goods made by the true manufacturer of those products. *Id.* ¶¶ 19-27, 64.

3. **Plaintiffs Have Proven Their Claim for Violation of the Washington Consumer Protection Act (Claim 4).**

To prevail on their claim for violation of the Washington CPA, Plaintiffs must show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring [their] business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020) (Martinez, J.). Because a CPA claim is "substantially congruous" to federal claims under the Lanham Act, *id.*, the above analysis demonstrates that Plaintiffs have proven their CPA claims.

D. **The *Eitel* Factors Weigh in Favor of Default Judgment.**

To determine if default judgment is appropriate, courts apply the *Eitel* factors; namely, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable

neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, as to the first factor, without entry of default judgment, Plaintiffs are prejudiced in

that they will have no remedy. *See Criminal Prods., Inc. v. Gunderman*, 2017 WL 664047, at *2

(W.D. Wash. Feb. 17, 2017) (Jones, J.). Defendants have illegally sold counterfeit Nintendo-

branded products, deceiving customers and Amazon, infringing Nintendo's valuable intellectual

property, tarnishing Nintendo's and Amazon's reputations, and causing Plaintiffs financial

losses. Without a default judgment, Plaintiffs lack a remedy and will "suffer great prejudice

through the loss of sales and diminution of goodwill," while Defendants evade justice and retain

all profits from their illegal endeavors. *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219

F.R.D. 494, 499 (C.D. Cal. 2003).

As to the second and third factors, Plaintiffs have proven all of the claims asserted in

their well-pled FAC. *See Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at *2 (N.D. Cal.

May 24, 2007) (second and third *Eitel* factors typically considered together). *See supra*

Section II(C)(1)-(3).

As to the fourth factor, the damages that Nintendo seeks are authorized by statute and are

proportionate to the financial and reputational harm caused by Defendants' counterfeiting

scheme. *See Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *4 (C.D. Cal. Mar. 24, 2016)

("The fourth factor balances the sum of money at stake 'in relation to the seriousness of the

action.' The amount at stake must not be disproportionate to the harm alleged.") (internal

quotation marks and citation omitted). As alleged in the FAC, Defendants' counterfeiting scheme

caused harm to Nintendo's reputation and goodwill, as well as direct financial harm in the form

of lost sales. FAC ¶¶ 3, 28, 50; Knudson Decl. ¶ 5. The statutory damages sought here

(addressed *infra* Section II(E)(1)) are proportional to the harm caused by Defendants and serve

the Lanham Act's compensatory and deterrent purposes.

As to the fifth factor, the possibility of a dispute concerning material facts is outweighed

by Defendants' failure to appear, respond to the FAC, or otherwise avail themselves of their

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 10
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"ample opportunity to contest the allegations." *Criminal Prods.*, 2017 WL 664047, at *3. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (Robart, J.). Here, not only are Plaintiffs' allegations taken as true, but Plaintiffs have also identified irrefutable evidence of Defendants' infringement, including by reviewing counterfeit products supplied by Defendants to Amazon for sale in the Amazon Store, or images of the same. FAC ¶¶ 36-40; Knudson Decl. ¶¶ 2-4.

Under the sixth factor, it is "unlikely that the Defendants' failure to respond is the product of excusable neglect" because Defendants were served with the Summonses and FAC. *Criminal Prods.*, 2017 WL 664047, at *2. Defendants have not answered or otherwise appeared in this action despite this service. Dkt. 29.

For the seventh factor, although there is a strong policy for deciding cases on the merits, Defendants' refusal to respond to Plaintiffs' claims makes such a decision "'impractical, if not impossible.'" *Lions Gate*, 2016 WL 6822748, at *5 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

In sum, all of the *Eitel* factors support entry of default judgment against Defendants.

**E.    The Court Should Award Plaintiffs the Relief Requested in the FAC.**

**1.    The Court Should Exercise Its Discretion under the Lanham Act to Award Statutory Damages to Nintendo.**

In counterfeit trademark cases, the Lanham Act allows an aggrieved trademark owner to elect statutory damages in lieu of actual damages. *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 679 (W.D. Tex. 2008). Where a court finds that the use of the counterfeit mark was willful, it may award statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods … sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). "Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark," *DC Comics v. Towle*, 802 F.3d 1012,

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 11
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1026 (9th Cir. 2015) (internal quotation marks and citation omitted), such as when the

defendant's conduct is "deliberate, false, misleading, or fraudulent," *Fifty-Six Hope Road Music,*

*Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (internal quotation marks and

citation omitted).

Nintendo is entitled to statutory damages for Defendants' trademark violations and is

electing those damages rather than actual damages. 15 U.S.C. §1117(c); *see also Microsoft Corp.*

*v. BH Tech, Inc.*, 2016 WL 8732074, at *6 (C.D. Cal. Sept. 2, 2016). Statutory damages are

particularly appropriate in default judgment cases because the evidence proving actual damages

remains entirely within the defendants' control. *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d

874, 882 (S.D. Ohio 2007); *Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*, 347 F. App'x

275, 276 (9th Cir. 2009) (entering default judgment for statutory damages because the

defendant's failure to comply foreclosed proof of actual damages); *Kurth*, 2019 WL 3426064, at

*4 ("[W]here proving actual damages in a default judgment is difficult due to the defendant's

absence, statutory damages are appropriate."). "Statutory damages further 'compensatory and

punitive purposes,' and help 'sanction and vindicate the statutory policy of discouraging

infringement.'" *Dream Games of Ariz. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting

*Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)).

Where, as here, defendants have failed to defend the claims, allegations of willfulness are

deemed admitted. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir.

2008). The FAC's well-pled allegations of willfulness are therefore deemed admitted. *See* FAC

¶¶ 7, 41, 48, 57, 62. Moreover, Defendants' deliberate and willful counterfeit trafficking scheme

is demonstrated by the volume of counterfeit products they sold in the Amazon Store.[7] Indeed,

Defendants sold at least $2,343,386 of counterfeit Nintendo-branded products through their

respective Selling Accounts. Garrett Decl. ¶ 3; *see Philip Morris USA Inc. v. Marlboro Express*,

---

[7] Sales from the Blkei Selling Account controlled by Defendant Jing were $235,321. *See* Garrett Decl. ¶ 3. Sales from the Selling Accounts controlled by Rong were: (1) AmbllboCards: $990,917; (2) Chiaofushi: $180,853; (3) Fyhale Direct: $78,395; (4) Jiadan-US: $237,348; (5) Marsberg: $116,679; (6) Srhdfbeygfjs: $346,029; (7) Xingfang: $141,960. *Id.* Sales from the Chengdahuo Selling Account jointly controlled by Defendants Jing and Rong were $15,884. *Id.*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 12
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    2005 WL 2076921, at *6 (E.D.N.Y. Aug. 26, 2005) (finding defendant's conduct willful for

2    purposes of awarding enhanced statutory damages). The Court must award at least $1,000 per

3    infringed mark (15 U.S.C. §1117(c)(1)), but it has discretion to award up to $2,000,000 in

4    statutory damages for each mark that Defendants willfully infringed. Nintendo has alleged and

5    proven Defendants' willful and unlawful use of the 27 Nintendo Trademarks. FAC ¶ 5, 38,

6    Ex. A; Knudson Decl. ¶¶ 2-4, Ex. A. Therefore, statutory damages in this case would be between

7    $27,000 and $54,000,000.

8        To calculate statutory damages for willful infringement, courts consider the need to:

9    (1) "compensate" the plaintiffs for the damage the defendant's actions caused; (2) "deter" the

10   defendants from violating the trademark[s]; and (3) "punish" the defendants for willfully

11   violating the trademark[s]. *See Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1124

12   (C.D. Cal. 2007). "The flagrant nature of defendants' activities underscores the need for a

13   damages award that will deter them from engaging in such conduct in the future." *Nautilus, Inc.*

14   *v. Chunchai Yu*, 2011 WL 13213575, at *16 (C.D. Cal. Dec. 19, 2011) (awarding *maximum*

15   $8 million in statutory damages against three defendants and $4 million in statutory damages

16   against remaining two defendants for infringing four trademarks); *see also Wimo Labs, LLC v.*

17   *eBay, Inc.*, 2017 WL 10439835, at *6 (C.D. Cal. Aug. 3, 2017) (awarding *maximum* $4 million

18   in statutory damages where defendants infringed two trademarks); *Rolex Watch U.S.A., Inc. v.*

19   *Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. Sept. 29, 2015) (awarding $5 million as

20   half of maximum statutory damages where defendant infringed five trademarks); *Coach Servs.,*

21   *Inc. v. YNM, Inc.*, 2011 WL 1752091, at *5-6 (C.D. Cal. May 6, 2011) (awarding $1 million as

22   half of maximum statutory damages where defendants infringed one trademark); *Castworld*

23   *Prods., Inc.*, 219 F.R.D. at 502 (awarding the then-maximum $2 million in statutory damages

24   where defendants infringed two trademarks).

25       Here, Defendants engaged in a scheme to import and sell counterfeit Nintendo-branded

26   products in the Amazon Store. Defendants deceived customers, infringed Nintendo's valuable

27   intellectual property, deprived Nintendo of legitimate sales, and tarnished Nintendo's reputation

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 13
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

by selling counterfeit products under the Nintendo brand. *See generally* FAC. Selling these

counterfeit products was particularly harmful to Nintendo because, as compared with Nintendo's

genuine products, the counterfeits were manufactured with subpar materials and shipped in

inferior packaging. Knudson Decl. ¶ 5. Misleading customers to believe that these inferior

products were manufactured by Nintendo is a direct affront to the level of quality and

craftsmanship associated with the Nintendo brand. *Id.*; *see* FAC ¶¶ 3, 55.

In addition to the incalculable loss of reputation and goodwill that Defendants caused to

Nintendo, Defendants diverted and impacted legitimate sales that Nintendo otherwise would

have made. Garrett Decl. ¶ 3; Knudson Decl. ¶ 5.

The identities of the Defendants responsible for the Selling Accounts are as follows:

### a.    Chen Jing, d/b/a Blkei Selling Account.

Chen Jing is the accountholder of the financial account, administered by PingPong

Global Solutions Inc. ("PingPong") that was linked to the Blkei Selling Account. Dkt. 22 ¶ 2.

Through this Selling Account that they controlled, Defendant Jing sold a total of

$235,321 in counterfeit Nintendo-branded products. Garrett Decl. ¶ 3. Nintendo therefore seeks

an award of three times the aggregate sales of counterfeit products in connection with this

Selling Account—**$705,963**—in statutory damages against Defendant Jing. This request is

conservative, reasonable, and in line with other awards in this District where that amount is

below the Lanham Act's damages cap. *See Sirowl Tech.*, 2022 WL 19000499, at *4-5 (finding

award of three times the amount of counterfeit sales—$1,220,049—a "conservative and

reasonable" amount sufficient to compensate plaintiffs for damages caused by defendants, to

deter future violations, and to punish willful trademark violations); *White*, 2022 WL 1641423, at

*6-7 (awarding plaintiff three times the aggregate sales of counterfeit products in the Amazon

Store); *Amazon.com Inc. v. Zhi*, 2024 WL 943465, at *5-7 (W.D. Wash. Mar. 4, 2024)

(Cartwright, J.) (awarding plaintiff three times the aggregate sales of counterfeit products in the

Amazon Store).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 14
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

b.    **Zhou Rong, d/b/a (1) AmllboCards; (2) Chiaofushi; (3) Fyhale Direct; (4) Jiadan-US; (5) Marsberg; (6) Srhdfbeygfjs; and (7) Xingfang Selling Accounts.**

Zhou Rong is the accountholder of the financial accounts, administered by PingPong, that were linked to the (1) AmllboCards; (2) Chiaofushi; (3) Fyhale Direct; (4) Jiadan-US; (5) Marsberg; (6) Srhdfbeygfjs; and (7) Xingfang Selling Accounts. Dkt. 22 ¶ 2.

Through these Selling Accounts that they controlled, Defendant Rong sold a total of $2,092,181 in counterfeit Nintendo-branded products. Garrett Decl. ¶ 3. Nintendo therefore seeks an award of three times the aggregate sales of counterfeit products in connection with these Selling Accounts—**$6,276,543**—in statutory damages against Defendant Rong. This request is conservative, reasonable, and in line with other awards in this District.

c.    **Chen Jing and Zhou Rong, d/b/a Chengdahuo Selling Account.**

Defendants Jing and Rong are each accountholders of financial accounts, administered by PingPong, that were linked to the Chengdahuo Selling Account. Dkt. 22 ¶ 2.

Through this Selling Account under their joint control, Defendants Jing and Rong sold a total of $15,884 in counterfeit Nintendo-branded products. Garrett Decl. ¶ 3. Nintendo therefore seeks an award of three times the aggregate sales of counterfeit products in connection with this Selling Accounts—**$47,652**—in statutory damages against Defendants Jing and Rong, jointly and severally. This request is conservative, reasonable, and in line with other awards in the District. Defendants Jing and Rong should be jointly and severally liable for this $18,465 award. *Coach, Inc. v. Citi Trends, Inc.*, 2019 WL 1940622, at *5 (C.D. Cal. Apr. 5, 2019) ("When there are multiple parties liable for counterfeiting the same trademarked goods, statutory damages under section 1117(c) are assessed on a joint and several basis.").

2.    **Total Statutory Damages Sought by Nintendo Against All Defendants.**

Based on the scope of Defendants' abuse of the Nintendo Trademarks and in order to compensate Nintendo for the significant harm caused by Defendants' infringing conduct, Nintendo seeks a total award of **$7,030,158** in statutory damages against Defendants. This amount is conservative and on the low end of the range of damages available for Defendants'

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 15
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

wrongdoing, but it is significant enough to provide deterrence against future counterfeiting conduct. Defendants' refusal to participate in this litigation prevents Nintendo from uncovering the entire scope of their scheme, including the full extent of their sales or profits outside of the Amazon Store. Statutory damages are the only mechanism to compensate Nintendo for its financial losses and the unquantifiable reputational harm it has suffered.

The statutory damages that Nintendo seeks also serve to punish Defendants and deter them from engaging in further illegal activities. Absent a substantial damages award, Defendants will not have any incentive to stop abusing Nintendo's brand. While injunctive relief is both appropriate and necessary (as described below), it alone is not adequate to deter Defendants from continuing to perpetrate their illegal scheme. A significant monetary judgment against Defendants will help to deter their conduct by making it more difficult for them to generate profits by infringing the intellectual property rights of others.

### 3.    Plaintiffs Are Entitled to a Permanent Injunction.

Plaintiffs also seek a permanent injunction enjoining Defendants from their infringing uses of the Nintendo Trademarks and from selling counterfeits in Amazon's stores. FAC § VI. Specifically, Plaintiffs seek an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, who receive actual notice of this order, from:

      a.  selling counterfeit or infringing products in Amazon's stores;

      b.  selling counterfeit or infringing products to Amazon or any Amazon affiliate;

      c.  importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of Nintendo's brand or trademarks, or which otherwise infringes Nintendo's intellectual property, in any store or in any medium; and

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 16
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1          d.    assisting, aiding, or abetting any other person or business entity in engaging in

2                or performing any of the activities referred to in subparagraphs (a) through (c)

3                above.

4          The Lanham Act authorizes "the 'power to grant injunctions according to principles of

5   equity and upon such terms as the court may deem reasonable, to prevent the violation of any

6   right' of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137

7   (9th Cir. 2006) (quoting 15 U.S.C. § 1116(a)). The Washington CPA similarly authorizes

8   injunctions to prevent violations of the statute. RCW 19.86.090 (allowing injunction against

9   violations of the CPA). Indeed, it has long been recognized in the Ninth Circuit that "[a]n

10  injunction is the standard remedy in unfair competition cases," and "[i]njunctions for trademark

11  infringement are well-recognized by this circuit." *Nat'l Football League Props., Inc. v. Wichita*

12  *Falls Sportswear, Inc.*, 532 F. Supp. 651, 664 (W.D. Wash. 1982) (citing *Levi Strauss & Co. v.*

13  *Blue Bell, Inc.*, 632 F.2d 817 (9th Cir. 1980) and *HMH Publ'g Co., Inc. v. Brincat*, 504 F.2d 713

14  (9th Cir. 1974)).

15         With the passage of the Trademark Modernization Act of 2020, there is a rebuttable

16  presumption of harm upon a showing of success on the merits. *See* 15 U.S.C. § 1116(a) (as

17  amended December 27, 2020) ("A plaintiff seeking any such injunction shall be entitled to a

18  rebuttable presumption of irreparable harm upon a finding of a violation identified in this

19  subsection in the case of a motion for a permanent injunction."). Further, "[a] permanent

20  injunction based upon a trademark infringement action is appropriate where it is not 'absolutely

21  clear' that a defendant's infringing activities have ceased and will not begin again." *Coach*

22  *Servs.*, 2011 WL 1752091, at *4 (citation omitted). Courts have emphasized that a defendant's

23  failure to answer a complaint or appear in litigation suggests it will continue infringing activities

24  absent an injunction. *See BH Tech*, 2016 WL 8732074, at *7; *Lions Gate*, 2016 WL 6822748, at

25  *6; *Adobe Sys. Inc. v. Cain*, 2008 WL 5000194, at *3 (N.D. Cal. Nov. 21, 2008) ("[defendant's]

26  refusal to answer or appear in this litigation has given the court no assurance that [defendant's]

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 17
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

infringing activity will cease and makes it difficult for [plaintiff] to prevent further

infringement.").

In trademark cases, courts apply the traditional four-factor test for granting a permanent injunction. *See Reno Air Racing Ass'n.*, 452 F.3d at 1137 (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006)). The four factors address whether: (1) the plaintiff has suffered irreparable injury; (2) the plaintiff can be adequately compensated by a remedy at law, such as monetary damages; (3) the balance of hardships between the plaintiff and defendant favors the plaintiff; and (4) the permanent injunction will serve the public. *eBay*, 547 U.S. at 391.

Notably, a court in this District recently issued a permanent injunction on terms and under circumstances nearly identical to those here. *Zhi*, 2024 WL 943465, at *5-7. In *Zhi*, Amazon.com, Inc. and J.L. Childress Co., Inc. ("J.L. Childress"), brought claims against a seller under the Lanham Act, seeking damages and to enjoin sales of counterfeit J.L. Childress-branded goods in the Amazon Store. *Id.* at *1-2. Following entry of default, Amazon and J.L. Childress filed a motion for default judgment. *Id.* at *3. In granting that motion, the court found that each of the four *eBay* factors noted above weighed in favor of the plaintiffs' requested permanent injunction. *Id.* at *5-6. Accordingly, in addition to awarding J.L. Childress's requested monetary damages, the court issued an injunction permanently barring the defendants, and those acting in concert with them, from (1) manufacturing, importing, distributing, or selling any product that infringed on J.L. Childress's trademarks, (2) selling counterfeit goods of any kind to Amazon or its affiliates, and (3) assisting, aiding, or abetting any other party engaging in these prohibited activities. *Id.* at *5-7; *see also White*, 2022 WL 1641423, at *5-7 (ordering permanent injunction against defendants and those acting in concert with them); *Sirowl Tech.*, 2022 WL 19000499, at *5-7 (ordering statutory damages and permanent injunction on terms nearly identical to *White* and based on similar counterfeiting conduct).

As in *Zhi*, *White,* and *Sirowl Technology*, here all four *eBay* factors favor granting Plaintiffs' requested relief, and therefore a permanent injunction should issue. Consistent with Federal Rule of Civil Procedure 65(d)(2), Plaintiffs further request that the permanent injunction

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 18
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cover the named Defendants and "their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of the order." *See* Proposed Order. Rule 65 provides that injunctive relief is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order[.]" *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14, 16 (1945) (citing Fed. R. Civ. P. 65(d)(2)). Courts therefore properly include language in orders indicating that injunctive relief applies to individuals acting in concert with the named defendant. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at *15-16 (C.D. Cal. Apr. 12, 2023). Otherwise, "[e]xcluding the phrase 'acting in concert' from the injunction could nullify the decree by allowing Defendants to engage in [prohibited acts] through aiders and abettors." *Id.*

For example, in accordance with Rule 65, a court in this District granted a permanent injunction in a trademark infringement case "prohibiting each defendant and their *officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the permanent injunction by personal service or otherwise*" from using the infringing mark. *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1193 (W.D. Wash. 2010) (Zilly, J.) (emphasis added); *see also Zhi*, 2024 WL 943465, at *5-7.

Here, also, the permanent injunction should cover Defendants as well as their "officers, agents, servants, employees and attorneys, and those persons acting in active concert or participation with them who receive actual notice of the [permanent injunction]." *Zhi*, 2024 WL 943465, at *7.

### a.    Plaintiffs Have Suffered Irreparable Injury.

Defendants' infringements have irreparably harmed Plaintiffs. Defendants' actions have damaged and will continue to damage Nintendo's business, reputation, and goodwill, and may discourage current and potential customers from purchasing Nintendo-branded products. Similarly, by selling counterfeit products in the Amazon Store, Defendants have harmed

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 19
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon's business, reputation, and goodwill, and may discourage customers who unknowingly

purchased counterfeit products from continuing to shop in the Amazon Store. Such irreparable

damage will continue unless Defendants' acts are enjoined. Defendants' conduct of selling

counterfeit products while refusing to appear or respond in any way to Plaintiffs' claims is

indicative of their refusal to acknowledge or defend their wrongdoing and, by extension, their

likelihood to continue that conduct, whether under their own names or aliases. Although Amazon

has blocked the Selling Accounts, Defendants (and those acting in concert with them) may seek

other means of selling items to Amazon, its affiliates, or in the Amazon Store. Unless Defendants

are enjoined, their conduct threatens ongoing harm to Plaintiffs.

### b.    The Injury Cannot Be Compensated Adequately by Remedies at Law.

Defendants' willful infringements have harmed and continue to harm Plaintiffs' business,

reputation, and goodwill such that Plaintiffs cannot be made whole by a monetary award. *See* 15

U.S.C. § 1116(a) (as amended December 27, 2020) (presumption of irreparable injury); *T-Mobile

USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012) (injury presumed irreparable

upon finding of infringement) (citing *eBay*, 547 U.S. at 390; *Reno Air Racing Ass'n.*, 452 F.3d at

1137 n.11); *see also eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal.

2000) ("Harm resulting from lost profits and lost customer goodwill is irreparable because it is

neither easily calculable, nor easily compensable and therefore is an appropriate basis for

injunctive relief."). Without injunctive relief, Plaintiffs will be forced to repeatedly file suit any

time Defendants are found to be infringing the Nintendo Trademarks or otherwise deceiving

customers and Amazon. *See Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05

(9th Cir. 1994) ("[T]he multiplicity of suits necessarily to be engendered if redress was sought at

law, all establish the inadequacy of a legal remedy and the necessity for the intervention of

equity.") (internal quotation marks and citation omitted). After resolution of this case, permanent

injunctive relief is the only adequate remedy to avoid the continued threat of Defendants'

infringement and deceptive conduct.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 20
(2:23-cv-01641-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

c.      **The Balance of Hardships Favors Plaintiffs.**

The balance of hardships favors Plaintiffs. If an injunction does not issue, Plaintiffs stand to suffer further damage from Defendants' continued unauthorized distribution of products bearing counterfeit Nintendo Trademarks, whereas there is no hardship to Defendants that would counterbalance this consideration. *T-Mobile*, 862 F. Supp. 2d at 1133-34 ("Defendant has no legitimate interest" in continuing with deceptive conduct).

d.      **The Public Interest Is Served by Preventing Defendants from Perpetuating Their Counterfeiting Activities.**

Finally, the public interest is undoubtedly served by preventing Defendants from continuing their infringing actions and from selling counterfeit Nintendo-branded products. Defendants' infringement harms consumers who rely upon the Nintendo Trademarks as a signal of quality, safety, and reliability, and who trust Amazon's reputation. *Treemo, Inc. v. Flipboard, Inc.*, 53 F. Supp. 3d 1342, 1368 (W.D. Wash. 2014) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999)); *see also Amazon.com, Inc. v. Robojap Techs. LLC*, 2021 WL 5232130, at *4 (W.D. Wash. Nov. 10, 2021) (Pechman, J.).

## III.      CONCLUSION

Plaintiffs respectfully request that the Court enter default judgment against Defendants and award Nintendo **$705,963** in statutory damages against Defendant Chen Jing, **$6,276,543** in statutory damages against Defendant Zhou Rong, and an additional **$47,652** in statutory damages against Defendants Jing and Rong, jointly and severally. Plaintiffs further ask the Court to enter a permanent injunction prohibiting Defendants and their agents who receive actual notice of the injunction from engaging in any further infringement of Nintendo's intellectual property, or from selling or attempting to sell counterfeit or infringing products to Amazon, its affiliates, or in Amazon's stores. *See* Proposed Order.

*I certify that this memorandum contains 7,233 words, in compliance with the Plaintiffs' Motion to File an Over-length Brief. See Dkt. 33.*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 21
(2:23-cv-01641-MJP)

DATED this 11th day of February, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Lauren Rainwater*
Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 22
(2:23-cv-01641-MJP)