UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHEN JING and ZHOU RONG, <br><br> Defendants. | CASE NO. C23-1641 MJP <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. (Dkt. No. 34.) Having review the Motion and all supporting materials, the Court GRANTS the Motion, ENTERS DEFAULT JUDGMENT, and PERMANENTLY ENJOINS Defendants on the terms set forth in this Order.

**BACKGROUND**

Plaintiff Nintendo of America Inc U.S.A., Inc. alleges that Defendants Chen Jing and Zhou Rong willfully sold counterfeit versions of Nintendo's "amiibo" cards that bear Nintendo's trademarks and interact with Nintendo's video gaming consoles to enhance and unlock various

gaming features. (Amended Complaint ¶¶ 3-6 (Dkt. No. 14 .) Defendants sold the counterfeit Nintendo-branded and trademarked cards on the Amazon.com online store that Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC own and operate (together "Amazon"). (Id. ¶¶ 6-7.) Plaintiffs aver that Defendants sold $2,343,386 worth of counterfeit Nintendo-branded products through Amazon's store between August 4, 2019 and May 24, 2023. (Declaration of Robert Garrett ¶ 3 (Dkt. No. 35).)

Plaintiffs pursue the following claims: (1) Nintendo alone pursues a trademark infringement and counterfeiting claim pursuant to 15 U.S.C. § 1114 (AC ¶¶ 44-50); (2) all Plaintiffs pursue false designation of origin claims pursuant to 15 U.S.C. § 1125(a) (AC ¶¶ 51-66); (3) all Plaintiffs pursue Washington Consumer Protection Act claims (AC ¶¶ 67-71); and (4) Amazon.com Services LLC alone pursues a breach of contract claim (AC ¶¶ 72-77.)

In addition to the allegations in the Amended Complaint, which the Court accepts as true, a Nintendo representative states that Nintendo reviewed a sample of the Nintendo-labeled products from the selling accounts associated with Defendants that had been shipped to Amazon for sale in the Amazon.com store. (Declaration of Jacqueline Knudson ¶ 4 (Dkt. No. 36).) Nintendo determined that these samples bore the Nintendo trademarks identified in the Amended Complaint, but were counterfeit. (Id.) The Nintendo representative "believe[s] that Defendants' misuse of the Nintendo Trademarks deceived customers into believing that they were buying authentic Nintendo products when the goods were actually counterfeit." (Id. ¶ 5.) The representative states that this diverted legitimate sales from Nintendo and "harm[ed] Nintendo's reputation for selling high quality products" and damaged its goodwill. (Id.)

Plaintiffs have served Defendants and obtained entry of default. (Dkt. Nos. 25, 29.) Plaintiffs now move for default judgment and entry of a permanent injunction. The Court notes

that Amazon has voluntarily dismissed its breach of contract claim, and does not seek entry of default judgment on it. (Mot. at 6 n.4.)

## ANALYSIS

### A.     Legal Standard

The Court has discretion to default judgment. Fed. R. Civ. P. 55(b); see Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." Id.

### B.     Jurisdiction

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction and personal jurisdiction over Defendants.

There is little doubt that the Court has subject matter jurisdiction over Plaintiffs' claims. Plaintiffs brings claims under various federal laws, which fall within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). And the Court has supplemental jurisdiction over Plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367(a).

1     The Court also finds that it has personal jurisdiction over Defendants, who are nonresidents. First, Plaintiffs have alleged that Defendants agreed to Amazon Services' Business Solutions Agreement, which required Defendants to consent to jurisdiction in this Court for claims involving the misuse of intellectual property rights in the Amazon store. See Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1406–07 (9th Cir. 1994); (AC ¶¶ 6, 16, 29-30 & Ex. B.). This alone satisfies the Court that it has personal jurisdiction. Second, the Court finds that it has personal jurisdiction due to Defendants' purposeful direction of its activities in this forum, pursuant to Fed. R. Civ. P. 4(k)(2), the federal long-arm statute. (See AC ¶ 15.) Under Rule 4(k)(2), personal jurisdiction may be established over a defendant if the claims arise under federal law and: "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). To measure whether the exercise of personal jurisdiction is consistent with the Constitution, the Court engages in a "due process analysis [that] is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole." Lang Van, Inc. v. VNG Corp., 40 F.4th 1034, 1039 (9th Cir. 2022) (citation and quotation omitted). To satisfy due process in this context, Plaintiffs must demonstrate that: (1) the nonresident defendant has either purposefully directed his activities at the United States or purposefully availed himself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). If Plaintiffs satisfy the first two elements, the burden shifts to Defendants to make a compelling case that the exercise of

1  jurisdiction would not be reasonable. Id. To establish "purposeful direction," the Court applies
2  the three-part "effects" test from Calder v. Jones, 465 U.S. 783 (1984), which requires that the
3  defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state,
4  (3) causing harm that the defendant knows is likely to be suffered in the forum state." Mavrix
5  Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (quotation and citation
6  omitted).

7　　　　The Court finds that Plaintiffs have satisfied the requisite elements of Rule 4(k)(2).
8  Plaintiffs pursue claims under federal law against Defendants, who are outside of any state
9  court's general jurisdiction. And the Court finds that the exercise of personal jurisdiction
10 comports with the Constitution. The Court points to three factors supporting this latter finding.

11　　　　First, Defendants purposefully directed their activities at the United States. All three
12 elements of the "effects" test are satisfied. One, Defendants used their Amazon seller accounts to
13 advertise the sale of the counterfeit Nintendo products. Two, Defendants directed the counterfeit
14 Nintendo products to consumers in the United States by using Amazon's website, which targets
15 American buyers. Three, it was foreseeable that Defendants' marketing and sales of the
16 counterfeit Nintendo products would harm Amazon and Nintendo in the United States, where
17 they are headquartered.

18　　　　Second, Plaintiffs' claims arise out of Defendants' forum-based activities. The Ninth
19 Circuit "relies on a 'but for' test to determine whether a particular claim arises out of forum-
20 related activities and thereby satisfies the second requirement for specific jurisdiction. Ballard v.
21 Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiffs have satisfied this by showing that their
22 claims would not exist but-for Defendants' sale of counterfeit Nintendo products and their
23 decision to target consumers in the United States.
24

Third, because Plaintiffs have satisfied the first two prongs of personal jurisdiction under Rule 4(k)(2), the burden shifts to Defendants to show personal jurisdiction is not reasonably exercised here. By failing to appear in this matter, Defendants have conceded that the exercise is reasonable. But for the sake of completeness, the Court has considered this factor and finds that the exercise of personal jurisdiction is reasonable. The Court does so by balancing the following factors:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1021 (9th Cir. 2002). The balance of these factors shows that that the exercise of personal jurisdiction is reasonable. Defendants purposefully directed their activities at the United States. There is no evidence of the burden on Defendants in defending themselves in this Court or conflicts with the sovereignty of a foreign state. The United States has an interest in making sure that Plaintiffs' valid intellectual property rights are protected and this forum can efficiently resolve the conflict. And Plaintiffs have an interest in obtaining convenient and effective relief in this Court where there are no alternative fora identified. Accordingly, the Court finds the exercise of personal jurisdiction to be reasonable.

C.   **Eitel Factors Favor Default Judgment**

The Court reviews the Eitel factors to assess whether default judgment should be entered and in what specific amounts. On balance, the seven Eitel factors weigh in favor of entry of default judgment in Plaintiffs' favor.

### 1. Factor One: Prejudice to Plaintiffs

Without entry of default judgment Plaintiffs will be prejudiced. Plaintiffs have attempted to litigate this case and vindicate their rights under federal and state law against Defendants. Defendants have failed to appear or participate in this litigation despite being served through alternative means. Plaintiffs face prejudice by not being able to obtain complete relief on their claims against Defendants without entry of default judgment. This factor weighs in favor of granting default judgment.

### 2. Factors Two and Three: Merits of Plaintiffs' Claims and Sufficiency of the Amended Complaint

Plaintiffs have demonstrated the merit of their claims and the sufficiency of the Amended Complaint. The Court reviews each claim.

#### a. Trademark Infringement

To prevail on a trademark infringement claim, Nintendo must establish: (1) a protected trademark, and (2) the use of that trademark by a party accused of infringing on the trademark is likely to cause consumer confusion. See Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985). Federal registration of a mark provides prima facie evidence of the mark's validity and entitles the plaintiff to a strong presumption that the mark is protectable. See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927-28 (9th Cir. 2005).

Accepting the allegations as true and reviewing the declaration from Nintendo's representative, the Court finds that Nintendo has proved its trademark infringement claim by demonstrating the following: (1) it owns the 27 Nintendo Trademarks (AC ¶ 5 & Ex. A; Knudson Decl. ¶ 2 & Ex. A); (2) it reviewed samples of products that Defendants shipped to Amazon (AC ¶¶ 37-39; Knudson Decl. ¶ 4); and (3) it determined those products were counterfeit imitations of Nintendo-branded products that illegally bear the Nintendo Trademarks

based on deviations from the authentic products' packaging and materials. (Id.) The Court finds entry of default on the claim proper.

### b. False Designation of Origin Claims

To prevail on their claims of false designation of origin, Plaintiffs must show Defendants "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007). Any person who believes they are likely to be damaged by such an act may sue. 15 U.S.C. § 1125(a); Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 131–32 (2014).

Both Nintendo and Amazon have proved their false designation claims. Plaintiffs have shown that Defendants sold counterfeit imitations of Nintendo-branded products bearing the Nintendo trademarks. (AC ¶¶ 36-40; Knudson Decl. ¶¶ 3-4.) This misuse of the trademarks was designed to deceive the public as to the authenticity of Defendants' products. (AC ¶¶ 6-7, 50, 55.) And Defendant's use of the Nintendo trademarks harmed its goodwill. (See AC ¶¶ 3, 28, 55; Knudson Decl. ¶ 5.) Similarly, Defendants deceived Amazon about the authenticity of the counterfeit products it was advertising, marketing, offering, and selling through Amazon's website. As alleged, this violated Amazon Service's Seller Agreement. (AC ¶¶ 32-33, Exs. B & C.) And Defendants' use of Amazon's website to sell its goods harmed Amazon's reputation and brand. (AC ¶¶ 2, 19-27, 64.) The Court finds entry of default on these claims proper. The Court also notes that Nintendo voluntarily dismisses its false advertising claim, which is therefore not the subject of this Order. (See Mot. at 7 n.6.)

        **c.**     **CPA Claim**

To prevail on their CPA claim, Plaintiffs must establish "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37 (2009) (citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784 (1986)). "[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787 (2013).

The Court agrees with Plaintiffs that they have stated a claim under the CPA. Defendants' sale of counterfeit products is an unfair and deceptive act that occurred in trade, affecting the public interest, and which has harmed Plaintiffs' goodwill. The Court finds entry of default on this claim proper.

    **3.**     **Factor Four: Sum of Money at Stake**

Amazon has determined that Defendants had aggregate sales of $2,343,386 in counterfeit Nintendo products. Given the large size of the sales, this factor weighs in favor of default judgment.

    **4.**     **Factor Five: Possibility of Dispute of Material Facts**

The Court finds little possibility that the core, material facts are in dispute. Not only have Defendants failed to appear in this action, but Plaintiffs have provided detailed evidence in support of their claims that is likely difficult to be rebutted. This factor favors entry of default judgment.

### 5. Factor Six: Whether Default is Due to Excusable Neglect

There is no evidence that Defendants' failure to appear is due to excusable neglect. This factor favors entry of default judgment.

### 6. Factor Seven; Strong Policy in Favor of Decision on the Merits

The Court maintains a strong policy preference in favor of resolution of Plaintiffs' claims on the merits. But Defendant's decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

\* \* \*

Having considered and balanced the Eitel factors, the Court finds that entry of default judgment is proper on all claims. On this basis, the Court GRANTS the Motion.

### D. Amount of the Default Judgment

Nintendo asks the Court to award statutory damages against Defendants for their willful and unauthorized use of Nintendo's trademarks. (Mot. at 11-16.) Plaintiffs do not seek damages on their CPA claims. The Court reviews the request.

Nintendo correctly notes they it may seek statutory damages between $1,000 to $2,000,000 per mark given that Defendants' failure to defend this action constitute an admission their infringement of the two marks at issue was willful. (Mot. at 12 (citing 15 U.S.C. § 1117(c)(1); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).) Because there are 27 marks at issue, Nintendo may seek statutory damages ranging between $27,000 and $54,000,000. See 15 U.S.C. § 1117(c)(1). Nintendo asks the Court to award statutory damages as to each Defendant based on trebling the total sales of counterfeit Nintendo-branded products, for a total of $7,030,158. (See Mot. at 14-15; Garrett Decl. ¶ 3.) Specifically, Nintendo asks for: (1) $705,963 to be awarded against Chen Jing for sales through several seller

accounts; (2) $6,276,543 against Zhou Rong for sales through several selling accounts; and (3) $47,652 against both Jing and Rong for a shared seller account. (Id.) The Court finds this damages request to be reasonable, in light of the nature of the deceptive scheme, the scope of the sales, the involvement of each Defendant, as well as the need for compensation, deterrence, and punishment. The Court therefore awards Nintendo damages in the amounts and allocations sought.

### E.      Injunctive Relief

The Court finds it appropriate to enter a permanent injunction against Defendants on the terms Plaintiffs request. "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993). And the Lanham Act authorizes "the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (quoting 15 U.S.C. § 1116(a)).

A plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The Court finds that all four eBay factors favor entry of a permanent injunction. First, based on the admitted allegations in the Amended Complaint, Defendants' trademark infringement have caused irreparable harm to Plaintiffs' goodwill and reputation and have

caused them to incur expenses to prevent further damage. Second, Plaintiffs have shown that monetary damages alone will not necessarily prevent Defendants from engaging in further infringing conduct. Given Defendants' decision not to appear in this case, there can be no assurances that they will no longer engage in the conduct at issue in this case. This satisfies the Court that monetary damages alone are insufficient. Third, the equities favor Plaintiffs, who seek to enjoin Defendants from engaging in illegal conduct that benefits only Defendants. This favors Plaintiffs and the requested injunction. Fourth, an injunction prohibiting Defendants from engaging in further conduct that infringes on Plaintiffs' trademarks will serve the public interest. The Court GRANTS the Motion and ENTERS the following PERMANENT INJUNCTION against Defendants and each of their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of this Order from:

1. Selling counterfeit or infringing products in Amazon's stores;
2. Selling counterfeit or infringing products to Amazon or any Amazon affiliate;
3. Manufacturing, importing, distributing, circulating, promoting offering to sell, or selling any product using Nintendo brand or trademarks, or which otherwise infringes Nintendo intellectual property, in any store or in any medium; and
4. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed in (1) through (3) above.

The Court also retains jurisdiction over this case for the purpose of enforcing this Order and Injunction.

**CONCLUSION**

The Court finds that Plaintiffs are entitled to entry of default judgment in their favor and for an order enjoining Defendants from further conduct that violates the Trademark laws. As

explained above, the Court GRANTS the Motion for Default Judgment and PERMANENTLY ENJOINS Defendants on the terms specified above. Plaintiffs' counsel is hereby directed to serve a copy of this Order and Injunction on Defendants.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 3, 2025.

Marsha J. Pechman
United States Senior District Judge